**FILED**
**Sep 10, 2020**
**09:11 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| **MOHAMMED JUBOORI,** | ) | **Docket No. 2020-03-0080** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No. 8004-2020** |
| | ) | |
| **PRESBYTERIAN HOMES OF** | ) | |
| **TENNESSEE,** | ) | |
| **Employer.** | ) | **Judge Lisa A. Lowe** |

---

## EXPEDITED HEARING ORDER
## DENYING ADDITIONAL MEDICAL BENEFITS

---

This case came before the Court for an Expedited Hearing on September 2, 2020.[1] Mr. Juboori initially injured his left foot on February 28, 2018, and Presbyterian Homes of Tennessee (PHT) provided authorized treatment with Dr. William McPeake.[2] He allegedly reinjured that foot on November 24, 2018. The issue is whether Mr. Juboori established a likelihood of success at trial in proving entitlement to treatment with a different physician and temporary disability benefits. For the reasons below, the Court holds Mr. Juboori is unlikely to succeed at trial on the requested benefits.

### History of Claim

Mr. Juboori worked as a dietary aide for PHT. He injured his left foot when a stack of dishes fell on it, and PHT authorized treatment with Dr. McPeake.

Mr. Juboori saw Dr. McPeake in April 2018. Diagnostic testing revealed "mild soft tissue swelling as well as a fracture of the medial sesamoid, age undetermined." Dr. McPeake ordered an MRI, and he recommended that Mr. Juboori use a cast-boot and

---

[1] Due to COVID-19 concerns, the parties agreed to conduct the Expedited Hearing by telephone with the aid of an Arabic interpreter.

[2] Mr. Juboori filed a separate Petition for Benefit Determination for the February 28, 2018 injury, and the Court held a telephonic Expedited Hearing and issued an Order Denying Benefits in that case.

proceed with weight-bearing as comfortable. At a follow-up appointment, Dr. McPeake stated that Mr. Juboori could return to work for four hours per day for one month then return to full duty, but he should avoid "impact loading activities."

Mr. Juboori returned to work but reinjured his foot on November 24, 2018, when he "slipped and twisted his foot, striking an object with a significant degree of force." He saw Dr. McPeake afterward and complained of constant pain. Mr. Juboori said he was unable to work since the injury. X-rays showed he likely had an impacted fracture of the first-metatarsal head. Despite Mr. Juboori's continued complaints, Dr. McPeake asked him to resume wearing conventional shoes, stop using crutches, and proceed with full weight-bearing. Mr. Juboori continued to wear the boot-cast.

After additional diagnostic testing showed fracture alignment and no evidence of arthritis, Dr. McPeake again instructed Mr. Juboori to use regular shoes and return to walking and standing. He released Mr. Juboori to return to work four hours per day for three weeks, then progress to full-duty work.[3]

After Dr. McPeake released him, Mr. Juboori sought non-authorized emergency treatment before returning to Dr. McPeake in July 2019. He complained that he could not hold his foot to the floor or tolerate anyone touching it. Dr. McPeake reviewed the ER diagnostic testing and noted no evidence of acute changes or pathology that required treatment. Dr. McPeake repeated his recommendation that Mr. Juboori wear normal shoes, discontinue the use of his boot, and proceed with weight-bearing activities. He also noted, "I think his complaints in regards to his foot cannot be substantiated with physical findings [other] than his subjective complaints of pain."

Dr. McPeake completed a final medical report placing Mr. Juboori at maximum medical improvement (MMI) on July 11, 2019, and he assigned a three-percent impairment rating to the body as a whole. He anticipated Mr. Juboori would need no further treatment for his February 2018 injury.

Mr. Juboori testified that an attorney advised that he obtain an impairment rating. He went to Dr. McPeake's office, but staff refused to give him the impairment report and said he would have to make an appointment. Mr. Juboori returned to Dr. McPeake, who ordered x-rays, but Mr. Juboori refused. Dr. McPeake noted that with Mr. Juboori's lack of cooperation, he could not provide an impairment rating, and he discharged him from treatment. Mr. Juboori stated he did not want an exam because he did not want an impairment rating for his condition at that time.[4] Rather, he wanted Dr. McPeake to provide an impairment rating for "when his foot was bad."

---

[3] PHT stated it paid Mr. Juboori temporary disability benefits for the time Dr. McPeake restricted him from working, and Mr. Juboori did not refute the assertion.

[4] Mr. Juboori testified that his foot started improving since he had been staying off it.

Mr. Juboori testified he was not satisfied with the care provided by Dr. McPeake and further stated that his foot pain prevents him from being able to perform his regular activities.

PHT argued that Mr. Juboori received treatment within three weeks of the November 2018 injury, and received temporary disability benefits from that date until July 11, 2019. Dr. McPeake stated that Mr. Juboori could return to full-duty work, but he failed to do so. Dr. McPeake also wrote on the final medical report that he did not anticipate a need for future medical treatment. Mr. Juboori did not provide a medical opinion to refute Dr. McPeake; therefore, he is not entitled to the requested benefits.

### Findings of Fact and Conclusions of Law

Mr. Juboori must present sufficient evidence from which this Court can determine that he is likely to prevail at trial in proving entitlement to treatment with a different physician and temporary benefits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Under the Workers' Compensation Law, an employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2019). However, where an authorized physician has placed an injured worker at maximum medical improvement and released him to full-duty work, the worker is not entitled to additional medical treatment. *See Petty v. Convention Prod. Rigging,* 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *18-19 (Dec. 29, 2016).

Here, TPH provided authorized medical treatment with Dr. McPeake, who placed Mr. Juboori at MMI, released him to full-duty work, and anticipated no need for additional treatment. Mr. Juboori offered no medical opinion to rebut Dr. McPeake's assessments, nor did he offer a medical opinion to establish that he currently needs medical treatment. Therefore, he is not likely to prevail at trial regarding entitlement to additional medical benefits. In light of this conclusion, the Court does not need to address whether he is entitled to another panel of physicians.

Mr. Juboori's other requested benefit suffers a similar defect. To receive temporary total disability benefits, he must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Mr. Juboori offered no medical opinion to rebut Dr. McPeake's assessment that he can work full duty, nor did he offer a medical opinion to establish that he is restricted from working as a result of the November 24, 2018 injury. He is unlikely to prevail on this issue as well.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Juboori's requests for a different authorized treating physician, additional medical treatment, and temporary disability benefits are denied at this time.

2. This case is set for a Scheduling Hearing on January 5, 2021, at 9:30 a.m. Eastern Time. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

**ENTERED September 10, 2020.**


*Lisa A. Lowe*
_____
**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**


**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Show Cause Order
4. Notice of Show Cause Hearing, dated June 11, 2020
5. Notice of Show Cause Hearing, dated June 15, 2020
6. Amended Show Cause Order
7. Notice of Show Cause Hearing, dated June 15, 2020
8. Request for Expedited Hearing
9. Notice of Expedited Hearing, dated July 20, 2020
10. Notice of Prehearing, dated July 30, 2020
11. PHT's Position Statement


Exhibits:
1. Affidavit of Mohammed Juboori, filed January 9, 2020
2. Affidavit of Mohammed Juboori, filed June 26, 2020
3. Statemen of Mohammed Juboori
4. Mr. Juboori's Responses to Defendant's Interrogatories and Request to Produce
5. First Report of Work Injury
6. Wage Statement
7. Medical Records of OrthoTennessee

8. Medical Record of Outpatient Diagnostic
9. Medical Record of University Radiology

## **CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on September 10, 2020.

| Name | Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Mohammed R. Juboori, Employee' | X | | X | 5856 Tannahill Drive Knoxville, TN 37909 Mohammed227768@gmail.com |
| Brandon Criswell, Employer's Attorney | | | X | bcriswell@owclaw.com |

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

5



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*